UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14109-CIV-MARTINEZ/MAYNARD

**KENNETH L. MAYFIELD**,

    Plaintiff,

v.

**PORT SAINT LUCIE POLICE DEPARTMENT,** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** has been referred to me for appropriate disposition of all pretrial matters. DE 4. Plaintiff Kenneth L. Mayfield, proceeding *pro se*, is suing sixteen state and federal officials and agencies, including four state court Judges; the Port Saint Lucie Police and Sheriff's Departments; the State Attorney's Office; the FBI; Florida's Department of Children and Families; Port St. Lucie Animal Control; the U.S. Postal Service; and Florida's Department of Revenue—Child Support Enforcement. DE 5.[1] From what is decipherable, Plaintiff's claims stem from various state court proceedings and agency actions concerning at least one alleged unfounded criminal investigation as well as incidents revolving around an accusation that Plaintiff's dog bit someone. Among other things the Amended Complaint generally alleges an improper charge of lewd or lascivious conduct involving a minor, improper "multiple illegal hearings," "false allegations of abuse and neglect" by a Florida state agency, and "tamper[ing] with [Plaintiff's] Pennsylvania child support order." Notably, the Amended Complaint lacks a prayer for relief or any other specific

---

[1] On March 4, 2022, Plaintiff filed an Amended Complaint (DE 5) and an amended motion to proceed *in forma pauperis* (DE 6).

request for damages.

On September 22, 2022, I issued an Order (DE 8) denying Plaintiff's Motion to proceed in District Court without Prepaying Fees or Costs ("IFP Application") (DE 3; 6).  The Order noted that Plaintiff filed a case earlier this year against nine defendants—including two state court judges—based on various interactions he had with defendants during his state court appearances on child support matters.  DE 8 at 2 (citing *Mayfield v. Judge Elizabeth McHugh, et al.*, No. 22-14205-Civ-Cannon).  There, Plaintiff generally alleged harassment, forging of documents, and intentional alteration and submission of records causing Plaintiff to lose his job.  *Id.*  The Court screened and dismissed that complaint on shotgun pleading grounds and additionally found that judicial immunity applied to preclude claims against the state court judges.  *Id.*  Additionally, the Order detailed deficiencies in Plaintiff's IFP Application and directed Plaintiff to either pay the filing fee or file an updated IFP Application by October 14, 2022.  *Id.* at 6.  Plaintiff was cautioned that failure to do so may result in a recommendation that this case be dismissed without further notice.  *Id.*  Plaintiff neither paid the filing fee nor filed an updated IFP Application.

On November 1, 2022, I issued an Order to Show Cause directing that, by November 15, 2022, Plaintiff either: (1) pay the filing fee; (2) file a motion to proceed *in forma pauperis*; or (3) show cause why I should not recommend that his action be dismissed for failure to prosecute.  DE 9.  Plaintiff has not responded to the Order to Show Cause, has not paid the filing fee, and has not filed an amended IFP motion.  Nor has Plaintiff sought an extension of time to do so.

## DISCUSSION

A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit or fails to comply with court orders.  *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) and holding that "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply

with a court order"). Indeed, the power to dismiss a case is part of a court's inherent authority to manage its docket and ensure the expeditious resolution of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (discussing federal courts' inherent power and stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute").

"A 'dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *3 (11th Cir. Dec. 27, 2021) (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)). With respect to the first prong, a court must find, at a minimum, that a plaintiff's delay in prosecuting a case is willful; mere negligence does not suffice. *Id.* (citing *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000) (holding that "simple negligence, misunderstanding, or inability to comply" does not constitute "willfulness")). As to the second prong, a district court is required to consider lesser sanctions. *See Barnes v. Fed. Commc'ns Comm'n*, 824 F. App'x 745, 750 (11th Cir. 2020) (affirming dismissal with prejudice on grounds that lesser sanctions, including dismissal without prejudice, would not suffice where plaintiff had previously filed two similar frivolous actions and had disregarded the district court's orders to file a renewed IFP motion and amend the complaint). Courts are afforded greater discretion in dismissing cases where dismissal is without prejudice. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over one month has passed since the deadline for Plaintiff to respond to my Order to Show Cause—the second order warning Plaintiff that I would recommend that his case be dismissed if he failed to: (1) pay the filing fee; (2) file an amended IFP motion; or (3) show cause why he could not.

Thus, it appears that Plaintiff is neither monitoring the record in his case nor interested in continuing to pursue his claims. There is not, however, any clear record of delay or contumacious conduct. Furthermore, although Plaintiff has had a previous action dismissed, it is not clear whether Plaintiff's claims here overlap. Therefore, dismissal with prejudice for failure to prosecute is not warranted. Rather, I find that this action should be dismissed without prejudice. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). Because Plaintiff is not engaging with his case and is not responding to Court Orders, it appears unlikely that Plaintiff would respond to orders imposing lesser sanctions. Therefore, I find that lesser sanctions than dismissal without prejudice would not be effective.

## CONCLUSION

Accordingly, I respectfully **RECOMMEND** that Plaintiff's operative complaint (DE 5) be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 19th of December, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE